# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAVID UHLE ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:21-cv-5798 |
| v. ) | |
| ) | |
| DEPUY ORTHOPAEDICS, INC., a Foreign ) | |
| Corporation, d/b/a DePuy Synthes Sales, Inc., ) | |
| PREMIER ORTHOPAEDIC SALES, INC., an ) | |
| Illinois Corporation, by and through its actual or ) | |
| apparent agents, JOHN M. DAVID, individually, ) | |
| and JANE E. DAVID, individually, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND**

**TABLE OF CONTENTS**

I.      INTRODUCTION ............................................................................................................... 3
II.     STATEMENT OF FACTS ................................................................................................. 4
III.    PLAINTIFF'S CASE SHOULD BE EXPEDITIOUSLY REMANDED TO STATE COURT ................................................................................................................................ 5
IV.     THE BURDEN ON REMOVAL IS HEAVY ................................................................... 6
   A.   The Burden For Removal Based on Fraudulent Joinder Is Heavy And More Favorable to Plaintiff Than A Motion To Dismiss. ..................................................... 6
   B.   The Court May Pierce The Pleadings But May Not Weigh Disputed Issues of Fact or Law Against Plaintiff. ............................................................................................. 7
V.      REMAND IS REQIRED BECAUSE ILLINOIS DEFENDANTS' TORTIOUS CONDUCT CONTINUED BEYOND DISSOLUTION ................................................... 7
   A.   Illinois Defendants Continue To Conduct Business Under Their Relationship With DePuy, Despite Their Purported Dissolution And Retirement ..................................... 8
   B.   Illinois Courts Clearly Apply Equitable Considerations To The Survival Statute. ....... 8
   C.   Equitable Principles, When Applied To The Survival Statute, Allow For Claims Against Illinois Defendants Beyond The Five-Year Period. ...................................... 10
   D.   Removing Defendant's Citation To *Re* Is Inapplicable Because That Case Analyzed Claims Under the 12(b)(6) Standard Instead Of The Fraudulent Joinder "No Possibility" Standard. ................................................................................................ 11
   E.   *Sharif* Makes Clear That The Seventh Circuit Applies Equitable Exceptions To The Survival Statute. ........................................................................................................ 11
VI.     A DISPUTE IN LAW AN FACT CLEARLY EXISTS, AND THEREFORE THIS CASE MUST BE REMANDED .................................................................................................. 13
VII.    CONCLUSION .................................................................................................................. 14

**I.    INTRODUCTION**

This matter involves claims of injury by Plaintiff against both the manufacturer and the distributor of Plaintiff's metal on metal ("MoM") hip implant. See Doc. No. 1-2, Plaintiff's Amended Complaint. Manufacturing Defendant DePuy Orthopaedics, Inc, removed the underlying action to this Court arguing that the distributor defendants, Premier Orthopaedic Sales, Inc, ("Premier"), John M. David, and Jane E. David, (John and Jane David referred to as "David Defendants" or the "Davids")(together, Premier and the Davids referred to as the "Illinois Defendants") are not valid defendants because they ceased to do business in 2011.[1] Plaintiff proffers evidence, herein, that despite the purported dissolution of Premier, the Davids *continue to receive payment* through Premier related to sales of Manufacturing Defendants' products. (See Exhibit 1).

Removing Defendant's sole argument for removal is that the claims against Premier are "time-barred" (Doc. 1, Para. 13). Removing Defendant avers that no claims may exist against a dissolved corporation beyond the five-year period in the Illinois Business Corporation Act, section 5/12.80 (Hereafter, "Survival Statute"). (*Id*.). Removing Defendant incorrectly argues that Illinois courts provide no exceptions for this time period. Illinois courts do provide a number of exceptions to the five-year period. In particular, exceptions are allowed in circumstances where misconduct is alleged to occur after dissolution. Here, Plaintiff alleges that Illinois Defendants participated in the tortious misconduct injuring Plaintiff after dissolution. Further, Plaintiff proffers evidence that Illinois Defendants failed to wind up their affairs despite dissolution and, to this day, continue to profit from the same tortious misconduct. Illinois Courts allow equitable considerations in *precisely* this type of situation. As a result, Plaintiff's claims are not time-barred.

---

[1] When referring to all Defendants together, the term "Defendants" will be used throughout.

All allegations must be taken as true and all disputes of law and fact must be weighed in favor of Plaintiff. At the least, a dispute of fact exists as to whether Illinois Defendants continue to conduct business and continued their tortious misconduct beyond 2011 despite the claims of dissolution. Further, a dispute of law exists as to whether Illinois courts extend equitable considerations to the facts presented, here. The Court is not empowered to weigh evidence against Plaintiff. The standard is even more favorable to Plaintiff than a Motion to Dismiss. As a result of the disputes of law and fact, and the low standard applicable to this Court's determination, remand is necessary.

Plaintiff sets forth plainly causes of action under Illinois law against Illinois Defendants in the Circuit Court of Cook County, Illinois. The factual and legal disputes, when weighed for Plaintiff, clearly show that plaintiff has a possibility of success. As a result, the Illinois Defendants are not fraudulently joined and this matter must be remanded.

## II.   STATEMENT OF FACTS

On September 1, 2021, Plaintiff filed a complaint in the Circuit Court for Cook County, Illinois related to injuries from Defendants' metal on metal hip system. On September 10, 2021, Plaintiff filed a first amended complaint.

On October 29, 2021, a Notice of Removal was filed by Removing Defendant, removing the action to the U.S. District Court for the Northern District of Illinois. (Doc. 1). The Notice of Removal alleges that the Illinois Defendants were fraudulently joined.

Concurrently on October 29, 2021, Removing Defendant also filed a Motion to Stay proceedings pending transfer to MDL 2244 in the Northern District of Texas, alleging that judicial economy and prejudice to the Removing Defendants weighs in favor of this Court refraining from ruling on whether jurisdiction lies in federal or state court, prior to transfer of the case to the Texas

based MDL 2244 (Doc. 5). Plaintiff is simultaneously opposing Removing Defendants Motion to Stay.

On November 1, 2021, a Notice of Related Action was filed by Removing Defendants before the United States Judicial Panel on Multidistrict Litigation (The "Panel") seeking transfer of this matter to MDL 2244. (*See* MDL No. 2244, Doc. # 2468). Plaintiff is simultaneously opposing transfer of this matter to the MDL before the Panel.

### III. PLAINTIFF'S CASE SHOULD BE EXPEDITIOUSLY REMANDED TO STATE COURT

The Supreme Court has held that jurisdiction must be established as a "threshold matter." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). This requirement is "inflexible and without exception." *Id.* at 94-95. "Without jurisdiction, the court cannot proceed at all in any cause." *Id*. In short, this matter presents a remand question centered on subject matter jurisdiction, which is a threshold question the Court must address prior to taking any other action in the matter. Accordingly, this Court must address Plaintiff's Motion for Remand because its jurisdiction to take any action, including a stay, is squarely in doubt.

As an initial matter, Removing Defendant's attempt to remove this matter is coupled with an attempt to transfer the removed case to the MDL in the Northern District of Texas which manages all federal litigation over the product at issue in this Matter. However, in the entire decade-long existence of that MDL, it has never heard a state court remand argument. Accordingly, if this Court does not expeditiously review the "threshold matter" of jurisdiction over these claims, Plaintiff's case faces the very real risk of extensive and undetermined delay until his remand arguments may be heard. Arguments that the MDL would be able to quickly address such concerns ring hollow given the lack of any state court remand rulings in the MDL. In reality, once transferred, Plaintiff's case will likely sit in limbo for an extended period of time. This Court

should, therefore, expeditiously review Plaintiff's remand motion to review its subject matter jurisdiction prior to the transfer of Plaintiff's claims to the MDL.

## IV. THE BURDEN ON REMOVAL IS HEAVY

### A. The Burden For Removal Based on Fraudulent Joinder Is Heavy And More Favorable to Plaintiff Than A Motion To Dismiss.

The procedures for removing a case to federal court are set forth in 28 U.S.C. §1446. Removal is purely a statutory right and removal status must therefore be strictly construed in favor of state court jurisdiction. *Doe v. Allied- Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993). The standards governing removal are well established and stringent. A defendant may remove a state law action to federal court only if the action originally could have been filed in federal court. 28 U.S.C. § 1441. The diversity of citizenship statute, 28 U.S.C. § 1332, requires "complete" diversity of citizenship such that "no defendant holds citizenship in the same state where any Plaintiff holds citizenship." The party seeking removal bears the burden of demonstrating federal jurisdiction, "and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Whechel v Briggs & Stratton Corp.*, 850 F. Supp. 2d 926, 931 (N.D. Ill. 2012), citing, *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). Any doubts regarding removal are to be resolved in favor of the plaintiff's choice of forum in state court, requiring remand. *Boyd v. Phoenix Funding Corp.,* 366 F.3d 524, 529 (7th Cir.2004), *see also Doe*, 985 F.2d at 911.

The Seventh Circuit holds that the burden on fraudulent joinder "**is even more favorable to the plaintiff than the standard that applies to a motion to dismiss** under Federal Rule of Civil Procedure 12(b)(6)."*Schur* 577 F.3d at 764. (Emphasis added). Whether the complaint would or would not survive a 12(b)(6) motion is not the standard when evaluating fraudulent joinder. *Smith v. Phillip Morris USA Inc.,* No. 18-C-06397, 2019 WL 4750119, at *3

6

(N.D. Ill. Sept. 30, 2019). *"After all, the standard is whether there is any reasonable possibility of [Plaintiff] winning—not whether [Plaintiff] has adequately stated a claim." Id*. A defendant seeking removal based on alleged fraudulent joinder has the "heavy burden" of proving that, after the Court resolves all issues of law and fact in the plaintiff's favor, there is no possibility that the plaintiff can establish a cause of action against the diversity-defeating defendant in state court. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir.1992), *see also Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir.1993). The difference is in the standards is necessary, as Illinois courts allow Plaintiff the opportunity to cure deficiencies in pleading. 735 ILCS 5/2–616(a). If a pleading is deficient, a dismissal with leave to amend is interlocutory and not final. *Richter v. Prairie Farms Dairy, Inc.,* 53 N.E.3d 1, 9 (Ill.,2016). Therefore, even if Plaintiff's pleadings fail to state a cause of action, Illinois courts' due process allows Plaintiff a right to amend deficient pleadings. As a result, a denial of remand based upon a failure to state a cause of action would encroach upon the due process afforded by Illinois courts upon state court litigants.

      **B.**      **The Court May Pierce The Pleadings But May Not Weigh Disputed Issues of Fact or Law Against Plaintiff.**

In determining whether fraudulent joinder has occurred, courts are not limited to the allegations of the pleadings but may pierce the pleadings and consider summary judgment-type evidence such as affidavits and deposition testimony. *CC Industries, Inc. v. ING/Reliastar Life Ins. Co.*, 266 F.Supp.2d 813, 815-16 (N.D. Ill. 2003). However, the limited use of affidavits and other evidence is permissible so long as the evidence is not used to 'pre-try' the case. *Id.* In reviewing the evidence, the Court must give the benefit of factual and legal inferences to the plaintiff. *Smith,* 2019 WL 4750119, at *3.

**V.**      **REMAND IS REQIRED BECAUSE ILLINOIS DEFENDANTS' TORTIOUS CONDUCT CONTINUED BEYOND DISSOLUTION**

### A. Illinois Defendants Continue To Conduct Business Under Their Relationship With DePuy, Despite Their Purported Dissolution And Retirement

Premier was not fraudulently joined. Premier Orthopaedic Sales, Inc. may have been involuntarily dissolved by the Illinois Secretary of State on August 1, 2011, pursuant to 805 ILCS 5/12.35(f) for "unacceptable payment." However, under a termination agreement dated September 1, 2010, DePuy agreed to pay Premier a percentage of Premier's net annual sales until *December 31, 2022* in exchange for the termination of the existing sales agreement between the parties. See Exhibit 1 at ¶14.

Under this agreement, Illinois Defendants *to this day* continue their business relationship with Removing Defendants related to the sale of medical devices, despite the purported dissolution of Premier and retirement of the David Defendants. This means Illinois Defendants *continue to profit* from the same tortious conduct alleged in Plaintiff's complaint. For example, paragraphs 60(j)(v-vi), 68, 77(j)(v-vi), 85, 95(j)(v-vi), and 103 implicate Illinois Defendants' failure of their post-market duty to warn Plaintiff of dangers which existed in the product at the time of manufacture. *See Jablonski v. Ford Motor Co.*, 2011 IL 110096 (Ill.,2011)(Where Illinois Supreme Court confirmed continuing duty to warn under Illinois law for defects existing at time of manufacture.)

### B. Illinois Courts Clearly Apply Equitable Considerations To The Survival Statute.

Illinois Courts "have recognized that equitable considerations sometimes counsel against rote application of the Survival Statute" *Hamilton v. Conley*, 356 Ill. App. 3d 1048 (2005). In *Hamilton*, the Illinois trial court dismissed the plaintiff's complaint for misappropriation of corporate assets. *Id.* at 1051. There, the plaintiff alleged that defendants engaged in misconduct

after dissolution and before completion of its winding-up period. *Id*. at 1058. The plaintiff pointed out that, in several situations, Illinois courts have allowed suits to go forward beyond the five-year time period in the Survival Statute. *Id*. at 1051-52. Nonetheless, the trial court dismissed the action because it was brought beyond the five-year period dictated in section 12.80 of the Business Corporation Act (the "Survival Statute"). *Id*. at 1052.

The Illinois appellate court held this was in error, finding that equitable considerations required allowing the plaintiff to move forward with the claims. *Id*. at 1059-60. The court cautioned against statutory interpretation leading to "consequences that are absurd, inconvenient, or unjust." *Id*. at 1059-60. *See also Moore v. Nick's Finer Foods, Inc*., 121 Ill.App.3d 923, 926–27, 77 Ill.Dec. 364, 460 N.E.2d 420 (1984) (Where the First District Appellate court overseeing Cook County, where Plaintiff's case was filed, likewise found that a rigid interpretation of the Survival Statute did not serve justice and allowed claims to proceed beyond the statutory period for a plaintiff who was a minor at the time of injury); *Edwards v. Chicago & Northwestern Ry. Co*., 79 Ill.App.2d 48, 55, 223 N.E.2d 163 (1967) (holding that action could be brought beyond survival period where defendant fraudulently induced plaintiff to refrain from filing action within survival period).

In *Michigan Indiana Condominium Ass'n v. Michigan Place, LLC,* 8 N.E.3d 1246 (Ill.App. 1 Dist., 2014), cited by Removing Defendant, the Illinois court went through a lengthy analysis of situations in which Illinois Courts applied exceptions to the five-year period of the Survival Statute. *Michigan*, like every other Illinois case, treats the Survival Statute as a statute of repose, recognizing that it will at times lead to harsh results. *Id*. at 1256. However, *Michigan* also recognizes that in certain cases Illinois courts apply exceptions, including in *Moore*, *Edwards,* and more importantly, *Hamilton*. 8 N.E.3d at 1253-54. *Michigan* distinguished each of these cases in the context of the facts applicable before that court. Why it distinguished *Hamilton*, in particular,

is of import, especially since Removing Defendant relies on *Michigan*. *Michigan* found *Hamilton* distinguishable in order to affirm the dismissal because, "[m]ore importantly, [*Hamilton*] involved misconduct." *Id*. at 1254. *No* misconduct was alleged in *Michigan. Id*.

*Misconduct is alleged, here.* Further, the misconduct continued to take place during the wind-up period after dissolution. As discussed below, Illinois Defendants continue to receive payment for the misconduct through today. See Exhibit 1. Even according to *Michigan*, cited by Removing Defendant*, Hamilton*'s analysis of applying equitable consideration to the Survival Statute applies, here.

### C. Equitable Principles, When Applied To The Survival Statute, Allow For Claims Against Illinois Defendants Beyond The Five-Year Period.

The Survival Statute requires that a corporation wind up its affairs within five years of its dissolution. *Hamilton* 356 Ill.App.3 at 1059 citing 805 ILCS 5/12.80. Illinois Defendants utilized the agreement in Exhibit 1 to circumvent the requirements under 805 ILCS 5/12/80 to wind up their affairs. Instead, despite dissolving Premier, Illinois Defendants *to this day* continue to earn income from the same conduct for which Plaintiff brings action against them. During the time they earned this income, and following dissolution in 2011, Illinois Defendants continued to fail to undertake their duties to Plaintiff with respect to the defects they knew or should have known existed in the products at the time the products were sold and implanted in Plaintiff.

Given the continued tortious conduct which extended beyond dissolution *and* the five-year period under the Survival Statute, and the continued business practice despite dissolution, this is precisely the type of factual scenario where such equitable considerations are warranted under Illinois law. An interpretation of the Survival Statute which would allow a party to continue to earn income from a tortious business practice but be immune from liability for

such practice would lead to absurd, inconvenient, and unjust results. *Hamilton v. Conley*, 356 Ill. App. 3d at 1059-60. Accordingly, Plaintiff has made valid claims against Illinois Defendants, given the equitable considerations applied to the Survival Statute by Illinois courts.

> D. **Removing Defendant's Citation To *Re* Is Inapplicable Because That Case Analyzed Claims Under the 12(b)(6) Standard Instead Of The Fraudulent Joinder "No Possibility" Standard.**

Removing Defendant cites *Re v. Real Estate Lawyers Group, P.C.*, 509 Fed. Appx. 541 (7th Cir. 2013) in order to support a rote application of the Survival Statute. However, that case was *originally* brought in federal court as a diversity action. *Id*. at 542. Therefore, the Seventh Circuit reviewed the federal district court's *12(b)(6) dismissal* of the underlying claim based on the Survival Statute. *Id*. Since this was not a removal from state court, this means that case was *not* reviewed under the *fraudulent joinder* standard. The standards are markedly different. *See Smith*, 2019 WL 4750119, at *3. The *Re* court's review of the Survival Statute was under the *higher* (12)(b)(6) standard and was therefore limited to the pleadings. In removal cases, however, federal courts must follow the lower "no possibility" standard to ensure that state courts have the independence to adjudge the adequacy of pleadings for themselves, and if possible, allow the state court litigants an opportunity to cure deficiencies. *See Poulos v. Naas Foods, Inc.*, 959 F.2d at 73.

> E. ***Sharif* Makes Clear That The Seventh Circuit Applies Equitable Exceptions To The Survival Statute.**

While it is inapplicable due to the different standards utilized, *Re* did nonetheless analyze the Survival Statute, in dictum. A closer inspection of the cases *Re* cites in its analysis reveals that the Seventh Circuit agrees that equitable exceptions to apply to the Survival Statute. The particular passage in *Re* states:

11

> Re also asserts that he was unaware until 2011 that he must sue the professional corporation rather than O'Donnell, and that afterward his effort to do so was hindered by his incarceration in federal prison. But § 5/12.80 is a statute of repose, *Sharif v. Int'l Dev. Grp. Co., Ltd.,* 399 F.3d 857, 860 (7th Cir.2005), which does not allow for tolling or equitable estoppel and precludes "even meritorious suits because of delay for which the plaintiff is not responsible," *McCann v. Hy–Vee, Inc.,* 663 F.3d 926, 930 (7th Cir.2011).

*Re,* 509 Fed. Appx. At 542.

*Re* cites *Sharif v. Int'l Dev. Group Co., Ltd.*, 399 F.3d 857, 861 (7th Cir. 2005), for the proposition that the Survival Statute is regarded as a statute of repose. *Re* 509 F.App'x at 542. In the same sentence, *Re* claims that – as a statute of repose – the Survival Statute is not subject to any exceptions or equitable estoppel. *Id.* citing *McCann v. Hy-Vee, Inc.*, 663 F.3d 926 (7th Cir. 2011)(holding that tolling does not apply to a statute of repose because the "very purpose is to set an outer limit unaffected by what the plaintiff knows."). The problem with this passage is that the *Re* court inartfully stitched the sentence combining its findings from *Sharif* and *McCann*.

First, *McCann* analyzed deadlines for filing *federal* securities suits. *663* F.3d at 927. It found that the deadline in 28 U.S.C. § 1658 was a statute of repose, not limitations. *Id.* at 930. The *McCann* court undertook a general comparison of statutes of repose to statutes of limitations. *Id*. at 930-32. Importantly, *McCann* never analyzed the Survival Statute. This means the *McCann* court never looked to Illinois courts to review whether, in the context of the Survival Statute, Illinois courts do or do not apply equitable considerations. Thus, in terms of the Survival Statute, *McCann* does not provide the Seventh Circuit with any guidance, apart from an analysis for how federal courts *generally* treat statutes of repose.

*Sharif*, on the other hand, did analyze the Survival Statute, recognizing it as a statute of repose and not a statute of limitations. *Sharif* involved suits by former shareholders of dissolved corporations. Surprisingly, while *Re* cites *Sharif* for claiming that the Survival Statute is a statute

of repose, *Re* ignores the very next sentence in *Sharif*, which makes clear that the Seventh Circuit and Illinois law do, in fact, apply equitable exceptions to the Survival Statute:

> Furthermore, as a statute of repose, it is "applicable not only to a dissolved corporation but also to its directors and shareholders." **If that were all, it would be clear that Sharif's suit indeed comes too late. But it is not:** the Illinois courts have carved out two exceptions to this rule which allow former shareholders of dissolved corporations to file suit outside the five-year period, and to those exceptions we now turn.

399 F.3d at 860-61. The *Sharif* court went on to analyze both exceptions applying to former shareholders and even found those exceptions are also "not absolute." *Id.* at 861.

*Sharif* is instructive as it clearly recognizes that the Survival Statute, though a statute of repose, is not one to be applied rigidly without equitable considerations. This approach comports with Illinois law and shows clearly why Plaintiff has made valid claims against Illinois Defendants and why Removing Defendant is not able to carry the burden of showing Plaintiff has "no possibility" of success in state court.

## VI. A DISPUTE IN LAW AN FACT CLEARLY EXISTS, AND THEREFORE THIS CASE MUST BE REMANDED

Removing Defendant claims that Illinois Defendants are retired, dissolved, and no longer in the business of receiving income from the sale of medical devices. When compared with Plaintiff's allegations and Exhibit 1 to this Motion, it is evident that a there is a dispute in fact as to whether Illinois Defendants' tortious business practices continue beyond the dissolution of the company and whether their misconduct continued to occur beyond the date of dissolution of the company. Further, a dispute in *law* is evident regarding whether Illinois law does or does not allow for equitable considerations to extend the Survival Statute. Removing Defendants cite to *Re* to claim that that the Seventh Circuit does not interpret Illinois law as applying equitable considerations to the Survival Statute. However, as Plaintiff has shown, the very case *Re* relies

upon is another Seventh Circuit case which *explicitly* holds that equitable considerations do apply. Importantly, Plaintiff cites multiple *state court appellate cases* confirming that Illinois courts apply equitable considerations to the Survival Statute.

In *CC Industries*, this Court ruled for remand because affidavits in the briefing on remand disputed "who supplied the inaccurate information." 266 F.Supp.2d. at 817. In *Smith*, this Court ruled for remand because affidavits in the briefing on remand disputed whether the retailer had superior knowledge to the consumer regarding the dangers of tobacco. *Smith,* 2019 WL 4750119, at *3-4. Likewise, Exhibit 1 presents a dispute of both law and fact. The dispute requires remand. *See Smith,* 2019 WL 4750119, at *3. Likewise, the disputes here require remand to allow Illinois courts an opportunity to resolve the dispute.

## VII. CONCLUSION

The Removing Defendants have not met their burden of showing that Illinois Defendants have been fraudulently joined to this action. Between *Hamilton*, *Moore*, *Edwards*, and *Sharif*, it is clear that Illinois Courts and the Seventh Circuit apply equitable considerations to the Survival Statute in a variety of circumstances to ensure a just outcome. Plaintiff's case presents precisely such an outcome. Exhibit 1 is evidence that Illinois Defendants continue, to this day, to earn income and conduct the business underlying the claims in this lawsuit, notwithstanding their purported dissolution and retirement. Under these circumstances, it would be inherently unjust to allow such defendants to escape liability. Removing Defendant's requested rote application of the Survival Statute would lead this Court astray of how Illinois courts and the Seventh Circuit apply the law. At base, a dispute in law and fact exists which requires remand to allow Illinois an opportunity to resolve the disputes.

WHEREFORE, for the above-stated reasons, Plaintiff respectfully moves this honorable Court to remand this action to the Circuit Court Cook County, Illinois, where it belongs..

                        Respectfully submitted,

                        Coplan & Crane, LTD

                        By:     /s/ Ben Crane
                                   Ben Crane
                                   bcrane@coplancrane.com
                                   Coplan & Crane, Ltd.
                                   1111 Westgate Street
                                   Oak Park, Illinois 60301
                                   PH: (708) 358-8080
                                   Fax: (708) 358-8181
                                   Atty No.: 41511

## **CERTIFICATE OF SERVICE**

      I certify that on November 8T, 2021, I electronically filed the foregoing document and aforementioned exhibits with the Clerk of Court using the CM/ECF system, which provided electronic service upon all counsel of record.


                                              /s/ Emma Florian