IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID UHLE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:22-CV-00268-K |
| § | |
| DEPUY ORTHOPAEDICS, INC., § | |
| d/b/a DePuy Synthes Sales, Inc., § | |
| PREMIER ORTHOPAEDIC SALES, § | |
| INC., JOHN M. DAVID, and § | |
| JANE E. DAVID, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff David Uhle's Motion to Remand (the "Motion") (Doc. No. 14). Removing Defendant Medical Device Business Services, Inc., f/k/a DePuy Orthopaedics, Inc., ("DePuy") did not file a response in opposition to Plaintiff's Motion to Remand. Having carefully considered the Motion, the supporting appendix, the applicable law, and the relevant portions of the record, the Court **GRANTS** the Motion and hereby **remands** this case to the Circuit Court of Cook County, Illinois (Case No. 2021L008799).

I. Factual and Procedural Background

In his Complaint filed in state court on September 1, 2021, Plaintiff asserted product-liability claims against Premier Orthopaedic Sales, Inc. ("Premier"), and John and Jane David (the "Distributor Defendants"). Doc No. 1-1. Plaintiff filed an Amended Complaint on September 10, 2021, adding DePuy as a defendant. Doc. No. 1-2. On October 29, 2021, DePuy removed the case to federal court solely on the basis of diversity jurisdiction. Doc. 1 at 3. Although DePuy alleges Defendants John and Jane David are citizens of Florida, DePuy alleges that Premier is a citizen of Illinois and, based upon information and belief, shares the same citizenship as Plaintiff. *Id.* DePuy argues Premier was improperly joined and, thus, the court can disregard its citizenship for diversity purposes. *Id.* at 3-4.

The crux of DePuy's argument is, "there is no 'reasonable possibility' that plaintiff's claims against Premier have any prospect of success because such claims are time-barred by the survival statute of the Illinois Business Corporation Act, section 5/12.80 – which 'imposes a five-year limit on suing a dissolved corporation…'" *Id.* at 4. DePuy contends, "Premier was dissolved on or about August 1, 2011, and plaintiff filed his original complaint on September 1, 2021 – 10 years after Premier was dissolved and five years after the limitation period prescribed in section 5/12.80 had

expired." *Id.* at 5. For this reason, DePuy contends the citizenship of Premier can be disregarded for diversity purposes and the federal court has subject matter jurisdiction.

On November 8, 2021, Plaintiff filed the instant Motion asserting, among other arguments, that DePuy cannot establish that there is no possibility that Plaintiff will prevail against Premier on any cause of action (Doc. 16 at 4). Thus, because DePuy did not meet its burden on removal, Plaintiff asserts the case must be remanded.

## II.     Applicable Law

### A.     Removal and Improper Joinder

Section 1441(a), the federal removal statute, allows the removal of any case brought in state court in which a federal court has original jurisdiction. 28 U.S.C. § 1441(a). In addition to actions involving a federal question, federal courts have original jurisdiction over civil actions between citizens of different States with an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a)(1). Section 1441(b) also provides that, in cases removable solely on diversity jurisdiction, the case may be removed "only if none of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc) (quoting § 1441(b)). "If there is at least one nondiverse defendant, there is no federal jurisdiction . . . . So, in a case that has been removed to federal court on the basis of diversity, the determinative

question is whether—*under federal law*—a nondiverse defendant was improperly joined." *Int'l Energy Ventures Mgmt. L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016).

"Improper joinder can be established in two ways: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1045 (5th Cir. 2021) (quoting *Smallwood*, 385 F.3d at 573). Defendants allege only the latter in this case. Under this theory of improper joinder, the court considers "whether . . . there is no possibility of recovery by the plaintiff against an in-state defendant" or, stated differently, "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573; *accord Ticer*, 20 F.4th at 1046. The court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Ticer*, 20 F.4th at 1046 (quoting *Smallwood*, 385 F.3d at 573); *see also Hicks v. Martinrea Auto. Structures (USA), Inc.*, 12 F.4th 511, 515 (5th Cir. 2021) (quoting *Int'l Energy*, 818 F.3d at 200) (cleaned up) ("To pass muster under Rule 12(b)(6), a complaint must have contained enough facts

to state a claim to relief that is plausible on its face."). In a small number of cases, the court may "in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573. "However, a summary inquiry 'is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recover against the in-state defendant.'" *Ticer*, 20 F.4th at 1045 (quoting *Smallwood*, 385 F.3d at 573-74).

"The 'focus of the inquiry must be on the joinder, not the merits of the plaintiff's case.'" *Ticer*, 20 F.4th at 1045 (quoting *Smallwood*, 385 F.3d at 573); *cf. Int'l Energy*, 818 F.3d at 206 ("In concluding that a plaintiff has not stated a claim against a nondiverse defendant under a Rule 12(b)(6)-type analysis in this context, the federal court decides only that it has jurisdiction over the plaintiff's claims against the diverse defendants—not that the plaintiff does not have a claim at all against the nondiverse defendant."). The removing defendant "bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood*, 385 F.3d at 574; *see Ticer*, 20 F.4th at 1045 (party seeking removal must establish the court's diversity jurisdiction and that removal was proper). The court must "resolve all contested factual issues and ambiguities of state law in favor of the plaintiff." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). The removal statute is strictly construed "and any doubt about the propriety of removal must be resolved in favor of remand." *Id.*

### III. Analysis

It is well-established that the removing defendant bears the burden of establishing the federal court's subject matter jurisdiction. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc) (removing defendant "bears a heavy burden of proving that the joinder of the in-state party was improper."). In determining whether a defendant has been improperly joined, the court considers "whether . . . there is no possibility of recovery by the plaintiff against an in-state defendant" or, stated differently, "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. The Court's focus is on the joinder of the non-diverse defendant, that being whether the "plaintiff has a reasonable basis of recovery under state law", and not "the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573. The Court finds that DePuy failed to satisfy its heavy burden of establishing Premier was improperly joined.

Plaintiff alleges multiple causes of action against Premier, including strict product liability, strict liability, and negligence. Plaintiff also shows that under a termination agreement, Distributor Defendants maintain an ongoing business relationship with DePuy in spite of Premier's involuntary dissolution by the Illinois Secretary of State. Doc. No. 16 at 8.

Plaintiffs have adequately shown the factors exist for a viable strict liability claim against the Distributor Defendants. Because a single viable cause of action defeats fraudulent joinder, the court goes no further, avoiding any unnecessary interpretation of the other state laws. *See Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806, 815 (5th Cir. 2021) ("Indeed, we have directed that *any* viable cause of action against a diversity-destroying party requires the entire case to be remanded[.]").

This Court agrees that Plaintiff has sufficiently alleged in his Amended Complaint that the Distributor Defendants were citizens of Illinois, were suppliers within the meaning of the Illinois statute, and, therefore, Plaintiff has appropriately pled a cause of action. The Court is unmoved by the DePuy Defendant's argument in their Notice of Removal that Plaintiffs claims are time-barred by the survival statuete of the Illinois Business Corporation Act. Indeed, as Plaintiffs have shows, Illinois routinely applies equitable considerations to the survival statute which allow for claims against Illinois beyond the five-year period.

In sum, because Plaintiff might meet the elements for a strict products liability claim under Illinois law, Plaintiff alleges a plausible claim for relief against the Distributor Defendants under settled Illinois law. Accordingly, the Distributor Defendants were not fraudulently joined, the parties are not diverse, the court lacks subject matter jurisdiction, and the Court must remand this case to state court.

The Court has viewed all factual allegations in the light most favorable to Plaintiff and resolved any disputed fact issues and ambiguities of Texas law in Plaintiff's favor. *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004). The Court finds that Plaintiff's state court petition alleged sufficient facts to plausibly state a claim for relief under Illinois'' products liability laws against the non-diverse Distributor Defendants. *See Int'l Energy Ventures Mgmt.*, 818 F.3d at 200.

### IV.   Conclusion

The DePuy Defendants, as the removing parties, bear the "heavy burden" of proving the non-diverse Distributor Defendants were improperly joined in this action. *See Smallwood*, 385 F.3d at 574. To satisfy this burden, the DePuy Defendants were required to "put forward evidence that would negate a possibility of liability on the part" of the Distributor Defendants. *McKee*, 358 F.3d at 333-34 (quoting *Travis v. Irby*, 326 F.3d 644, 650 (5th Cir. 2003)). "If there is arguably a basis for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder." *Great Plains Tr. Co.*, 313 F.3d at 312.

The DePuy Defendants did not satisfy their heavy burden. The Court can arguably predict that Distributor Defendants may be liable for the products liability claim. Because the Court cannot conclude there is no reasonable basis to predict that Plaintiff may be able to recover against the Distributor Defendants, the Court likewise

cannot find that the Distributor Defendants were improperly joined in this action. *See Smallwood*, 385 F.3d at 573. Accordingly, the Distributor Defendants' presence destroys diversity, the Court lacks subject matter jurisdiction and this case must be remanded. 28 U.S.C. § 1447(c).

For the foregoing reasons, the Court **GRANTS** the Motion to Remand This case is hereby **remanded** to the Circuit Court of Cook County, Illinois (Case No. 2021L008799).

**SO ORDERED.**

Signed November 18th, 2022.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE